# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 16, 2019

```
* * * * * * * * * * * * * *
MARC HOWARD,                    *    No. 16-1592V
                                *
          Petitioner,           *    Special Master Sanders
                                *
v.                              *
                                *    Decision; Interim Attorneys'
SECRETARY OF HEALTH             *    Fees and Costs; Reduction of
AND HUMAN SERVICES,             *    Billable Hours.
                                *
          Respondent.           *
* * * * * * * * * * * * * *
```

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 21, 2019, Marc Howard ("Petitioner") filed a motion for interim fees and costs, requesting $76,947.01 in interim attorneys' fees and costs for his counsel, Mr. Clay Ragsdale. Mot. Int. Att'ys' Fees & Costs, ECF No. 48. On February 22, 2019, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 49. In his response, Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met" in this case. *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.      Procedural History

This case was originally assigned to Special Master Hamilton-Fieldman. ECF No. 4. On November 11, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleges that he suffers from Guillain-Barré Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as the result of the Tetanus-diphtheria-acellular-pertussis ("Tdap")

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccine he received on February 14, 2014. Pet. at 1–3, ECF No. 1. At the time of filing, and throughout the entirety of this case, Petitioner has been represented by Mr. Ragsdale.

At the time he filed his petition for compensation, Petitioner filed his vaccination record and personal affidavit. Pet'r's Exs. 1–2, ECF No. 1. On December 5, 2016, Petitioner filed thirteen medical record exhibits in support of his claim. Pet'r's Exs. 3–15, ECF Nos. 6–7. Petitioner filed his first statement of completion on that same date. ECF No. 9. This case was reassigned to me on January 13, 2017. ECF No. 12. Petitioner thereafter filed an additional two sets of medical records on March 2, 2017, followed by one additional set on April 12, 2017. Pet'r's Exs. 16–18, ECF Nos. 16, 21. Petitioner filed a second statement of completion on April 12, 2017. ECF No. 22. Respondent filed his Rule 4(c) Report on April 24, 2017, recommending that compensation be denied. ECF No. 24. A status conference was held on April 25, 2017, at which time I directed Petitioner to submit an expert report on or before July 24, 2017. ECF No. 25.

Petitioner filed an unopposed request for an extension of time on July 24, 2017, seeking an extension until September 22, 2017, to file an expert report. ECF No. 26. On that date, I granted Petitioner's request in part, extending the deadline to August 23, 2017. ECF No. 27. Following one additional extension of time, Petitioner submitted an expert report from Kazim A. Sheikh, M.D., accompanied by supporting medical literature, on September 29, 2017. Pet'r's Exs. 19–58, ECF No. 31.

Respondent filed a responsive expert report from Timothy Vartanian, M.D., Ph.D., along with accompanying medical literature, on December 23, 2017, and January 25, 2018, respectively. Resp't's Exs. A–V, ECF Nos. 33–35, 38. Petitioner filed a supplemental expert report on May 21, 2018. Pet'r's Ex. 60, ECF No. 41. Thereafter, on October 3, 2018, Respondent filed a responsive supplemental expert report. Resp't's Ex. W, ECF No. 43. No further expert reports have been filed in this case to date.

On November 13, 2018, Petitioner filed a status report stating that he is prepared to move forward with an entitlement hearing and requesting available hearing dates. ECF No. 45. On December 26, 2018, I issued an order stating that "[d]ue to the high volume of cases that are ready for entitlement hearings and the limited number of Special Masters, no further hearings will be scheduled until further notice." ECF No. 47. The order continued, "Chambers will reach out to the parties when hearing dates become available." *Id.*

This matter is now ripe for consideration.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

2

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim . . . ." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim attorneys' fees and costs is reasonable and appropriate in this case. To date, Petitioner has submitted two expert reports and numerous exhibits in support of his petition. *See* Pet'r's Exs. 19, 60, ECF Nos. 31, 41. The parties have also requested that I hold an entitlement hearing in the case. *See* Order, docketed Dec. 26, 2018, ECF No. 47. However, due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently waiting for available hearing dates, at this time, a hearing will likely not be held in this case until 2021 at the earliest. Petitioner's counsel has requested over $70,000.00 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, I find an award of interim attorneys' fees and costs to be reasonable and appropriate in this matter.

### III. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

3

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18–19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

#### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys and paralegals who have worked on this matter to date:
- Clay Ragsdale:
    - 2014 – $385
    - 2015 – $385
    - 2016 – $385
    - 2017 – $400
    - 2018 – $420
    - 2019 – $420
- Allison Riley:
    - 2014 – $200 & $100 travel rate
    - 2015 – $225
    - 2016 – $250
    - 2017 – $270
    - 2018 – $290
- Paralegals:
    - 2014 – $125
    - 2015 – $125
    - 2016 – $135
    - 2017 – $135
    - 2018 – $150
    - 2019 – $150

The Ragsdale firm is located in Birmingham, Alabama, thus forum rates apply. *See, e.g.*, *Greer v. Sec'y of Health & Human Servs.*, No. 16-1345V, 2018 WL 1125695 (Fed. Cl. Spec. Mstr. Jan. 17, 2018). I find that the majority of requested rates herein are consistent with what these individuals have been previously awarded in the Program and that the rates are reasonable in light of *McCulloch*. *See, e.g.*, *Brown v. Sec'y of Health & Human Servs.*, No. 17-253V, 2018 WL 5095121 (Fed. Cl. Spec. Mstr. Sept. 6, 2018); *Coiro-Lorusso v. Sec'y of Health & Human Servs.*, No. 04-258V, 2018 WL 2770824 (Fed. Cl. Spec. Mstr. May 1, 2018). I also recently addressed the above-noted rates in *Douglas*, awarding Mr. Ragsdale and Ms. Riley (along with firm

paralegals) rates consistent with those detailed in *Greer*, *Brown*, and *Coiro-Lorusso*. *See Douglas v. Sec'y of Health & Human Servs.*, No. 14-1226V, slip op. (Fed. Cl. Spec. Mstr. July 25, 2019).

Based on the rates I awarded to counsel in *Douglas*, I find that one rate reduction is warranted herein. In the present matter, Mr. Ragsdale requests a rate of $420 per hour for work completed in 2018. Mot. Int. Att'ys' Fees & Costs at 3, ECF No. 48. In *Douglas*, however, I awarded him a 2018 rate of $410 per hour consistent with prior Program case law. *See, e.g.*, *Brown*, 2018 WL 5095121, at *2. Mr. Ragsdale completed 19.9 hours of work in 2018. Thus, the overall reduction (based on his 2018 rate) amounts to **$199.00**. All remaining rates requested for attorney and paralegal work are reasonable and will be awarded accordingly without reduction.

### ii. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. In addition to the reduction outlined above, I have determined that a reduction in the number of hours requested is appropriate for excessive billing. As the case law dictates, "[c]ounsel should not include in their fee requests hours that are 'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Two attorneys and two paralegals all billed hours in this case. As other special masters have noted, this type of staffing model leads to inefficiency and unnecessary billing entries. *See, e.g.*, *Rice v. Sec'y of Health & Human Servs.*, No. 15-1335V, 2018 WL 4784563, at *2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018). For instance, Ms. Riley and one of the firm's paralegals billed for reviewing and summarizing the same records, as well as drafting the same filing. *See, e.g.*, Mot. Int. Att'ys' Fees & Costs, Ex. C at 1, 8, 10, 13, 15, ECF No. 48. Moreover, both Mr. Ragsdale and Ms. Riley at times billed for reviewing the same documentation, drafting the same filings, and conducting the same research. *See, e.g.*, *id.* at 5–6 (entries dated from 11/21/2016 through 11/22/2016), 7–8, 10, 11–12, 14. Mr. Ragsdale and Ms. Riley (along with firm paralegals) also billed hours for intraoffice communications, including conferences and discussions with each other regarding case progression, which are not compensable in the Program. *See, e.g.*, *id.* at 5 (10/12/16 entry noting "confer w/ MCR re plan for filing petition"), 6, 8–10, 12, 15; *see also Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017). For these reasons, I will decrease Petitioner's requested attorneys' fees ($51,932.00 in total) by 10% accordingly. This amounts to a total reduction of **$5,193.20**.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Mr. Ragsdale has requested $25,015.01 in interim attorneys' costs. The significant majority of the requested costs are related to obtaining expert reports. *See* Mot. Int. Att'ys' Fees & Costs, Ex. D at 18–21, ECF No. 48. Petitioner's retained expert, Dr. Sheikh, billed at an hourly rate of $500 per hour for 47.0 hours of work, amounting to a total of $23,500.00 for services rendered. *Id.* at 19, 21. This rate is consistent with what Dr. Sheikh has been awarded in past Program cases. *See, e.g.*, *Shinskey v. Sec'y of Health & Human Servs.*, No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9,

2019); *Craig v. Sec'y of Health & Human Servs.*, No. 15-1590V, 2019 WL 451356, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2019). Accordingly, the hourly rate requested herein for Dr. Sheikh's work will be awarded without reduction. The hours billed by Dr. Sheikh are also reasonable and will be reimbursed in full.

The remainder of the requested costs (including medical record requests, mileage costs, copying and postage charges, and the filing fee) represent ordinary Vaccine Program litigation expenses. Upon review of the billing record, I find that these costs are reasonable and should be awarded in full.

### IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Mr. Ragsdale $46,539.80 in interim attorneys' fees, plus $25,015.01 in interim costs as follows:

| Interim Attorneys' Fees Requested | $51,932.00 |
| --- | --- |
| (Reduction to Hourly Rate) | -$199.00 |
| (Percentage Reduction) | -$5,193.20 |
| **Interim Attorneys' Fees Awarded** | **$46,539.80** |
|  |  |
| Interim Costs Requested | $25,015.01 |
| **Interim Costs Awarded** | **$25,015.01** (no reduction) |
| **Total Amount Awarded** | **$71,554.81** |

Accordingly, I will award the total of **$71,554.81** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Clay Ragsdale, of Ragsdale, LLC, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.