# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1592V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MARC HOWARD, | * | |
| Petitioner, | * | Chief Special Master Corcoran |
| v. | * | Filed: August 29, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Milton Clay Ragsdale*, *IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On November 30, 2016, Marc Howard filed a petition under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner originally alleged that as a result of receiving the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, he developed Guillain-Barré syndrome and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Petition (ECF No. 1) ("Pet.") at 1–2. Petitioner later amended his claim to assert only the causation-in-fact claim that his CIDP was vaccine-caused. ECF No. 61 at 3. On August 31, 2022, I issued a decision denying entitlement. *See* Decision, dated Aug. 31, 2022 (ECF No. 71). Petitioner moved for review of my decision (ECF No. 72), but the motion was denied. ECF No. 81. His subsequent appeal to the Federal Circuit was also unsuccessful. ECF No. 87.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner previously received an interim award of attorney's fees and costs in February 2019, and was granted $71,554.81. Decision—Interim Attorney's Fees and Costs, dated Aug. 16, 2019 (ECF No. 50) ("Interim Fees Decision"). Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Aug. 9, 2024 (ECF No. 88) ("Final Fees Mot."). Petitioner requests attorney's fees and costs relating to the work performed by present counsel (M. Clay Ragsdale, Esq., Allison L. Riley, Esq., and paralegals of Ragsdale LLC), as well as attorney's fees and costs relating to the appellate work performed by Isaiah Kalinowski, Esq., of Bosson Legal Group, P.C., in assisting with the appellate process. Final Fees Mot. at 5. Petitioner requests a total of $160,296.74—reflecting $101,073.34 for Ragsdale LLC ($99,040.90 in attorney's fees, plus $2,032.44 in costs), and $59,223.40 to BLG ($59,213.00 in attorney's fees, plus $10.40 in costs). *Id.* at 12.

Respondent reacted to the final fees request on August 20, 2024. Response, dated Aug. 20, 2024 (ECF No. 89) ("Resp."). Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$160,296.74**.

## ANALYSIS

**I.      Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

As noted above, Petitioner was previously awarded interim fees and costs by another special master, thus implicitly suggesting the claim possessed reasonable basis as of that prior date. Although Petitioner's claim was ultimately unsuccessful, I find it possessed more than sufficient objective basis throughout the claim's existence to entitle him to a final fees and costs award. Record evidence supported the diagnosis for the injury claimed, and despite my causation determination, it is far from settled in the Program whether the Tdap vaccine can cause CIDP. Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| --- | --- | --- | --- | --- | --- | --- |
| **M. Clay Ragsdale (Attorney)** | $420.00 | $430.00 | $450.00 | $485.00 | $530.00 | $565.00 |
| **Allison L. Riley (Attorney)** | $305.00 | $325.00 | $350.00 | $375.00 | $410.00 | $450.00 |
| **Amy Johnson (Paralegal)** | $150.00 | $155.00 | $170.00 | $177.00 | $180.00 | $190.00 |
| **Anne Burke (Paralegal)** | -- | $141.00 | $150.00 | $160.00 | -- | -- |
| **Isaiah Kalinowski (Attorney)** | -- | -- | -- | $430.00 | $445.00 | $480.00 |

Final Fees Mot. at 10–11.

Ragsdale LLC practices in Birmingham, Alabama—a jurisdiction that has been deemed "in forum." Accordingly, its attorneys should be paid forum rates as established in *McCulloch*. *See Greer v. Sec'y of Health & Hum. Servs.*, No. 16-1345V, 2018 1125695, at *4–5 (Fed. Cl. Spec. Mstr. Jan. 17, 2018). The rates requested for Mr. Ragsdale, Ms. Riley, and their paralegals are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Lemieux v. Sec'y of Health & Hum. Servs.*, No. 19-1121V, 2024 WL

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 29, 2024).

3760414, at *3 (Fed. Cl. Spec. Mstr. July 11, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, and will therefore award all fees requested without adjustment.

Mr. Kalinowski practices in the Washington, D.C., metropolitan area—a region that has been deemed "in forum," making him entitled to commensurate rates established in *McCulloch*. *Brock v. Sec'y of Health & Hum. Servs.*, No. 18-399V, 2020 WL 1811566, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2020). The rates requested for Mr. Kalinowski are also consistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule. *Stacy v. Sec'y of Health & Hum. Servs.*, No. 17-1691V, 2024 WL 2273766, at *3 (Fed. Cl. Spec. Mstr. Apr. 23, 2024). These rates, and the time spent on the matter, will be awarded in full.

### III.  Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner asks for $2,042.84 in outstanding costs for the work of all attorneys referenced above, including the filing fee, medical record retrieval costs, photocopying costs, and PACER costs. Final Fees Mot. at 11–12; ECF No. 88-4 at 2. Such costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the amounts at issue questionable. Thus, they shall be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of $160,296.74, reflecting (a) $101,073.34 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and Petitioner's counsel of record, M. Clay Ragsdale of Ragsdale LLC, and (b) $59,223.40 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and Isaiah Kalinowski of Bosson Legal Group, P.C.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.